ROBERT BRIAN BLACK         7659
LISA EMILY ENGEBRETSEN     10952
Civil Beat Law Center for the Public Interest
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@civilbeatlawcenter.org
fellow@civilbeatlawcenter.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorneys for Civil Beat Law Center
    for the Public Interest

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE: CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>    Movant. | MISC. NO. 19-367<br><br>MOTION TO RELEASE CJA PAYMENT VOUCHERS |

**MOTION TO RELEASE CJA PAYMENT VOUCHERS**

Pursuant to the public's right recognized in the Criminal Justice Act (CJA), 18 U.S.C. § 3006A(d)(4), and the Administrative Office of United States Courts, Guide to Judiciary Policy, Vol. 7, Ch. 5 (AO Guide),[1] and

---

[1] The CJA provides:  "The Judicial Conference of the United States may, from time to time, issue rules and regulations governing the operation of plans formulated under this section."  18 U.S.C. § 3006A(h).  The AO Guide provides those rules.  *United States v. Gonzales*, 150 F.3d 1246, 1252 (10th Cir. 1998).

rights of public access under the First Amendment and the common law, the Civil Beat Law Center for the Public Interest (Law Center) respectfully moves this Court to release the CJA vouchers it has approved for payment in *United States v. Kealoha*, Cr. No. 17-582 JMS-WRP; *United States v. Kealoha*, Cr. No. 18-68 JMS-WRP; and *United States v. Puana*, Cr. No. 19-15 JMS-WRP.  CJA payment vouchers in these cases have been approved by the Court, but not yet been released to the public.  The Law Center is not requesting access to the more detailed backup documentation that supports the CJA payment vouchers.

I.  **DISCLOSURE OF AMOUNTS PAID TO CRIMINAL DEFENSE COUNSEL MUST BE RELEASED WHEN APPROVED.**

Courts are required to publicly release CJA vouchers disclosing payment to attorneys after the court approves the payment.  AO Guide § 520 ("The CJA, as amended in 1998, mandates disclosure of amounts paid to court appointed attorneys **upon the court's approval of the payment**.") (emphasis in original); *accord* 18 U.S.C. § 3006A(d)(4)(A).  After providing notice to defense counsel, the Court may allow redactions to detailed information related to vouchers to protect constitutional rights or other interests of justice, but not to the amounts paid out.  AO Guide §§ 520.40 (allowing redactions to "any detailed information provided to justify the

expense"), 520.50 (listing applicable interests); *accord* 18 U.S.C. § 3006A(d)(4) (requiring publication of aggregate amounts, divided into various categories that track CJA Form 20, while allowing redaction of more detailed information).

If there were any ambiguity in the AO Guide or CJA—there is not—the CJA's legislative history clearly articulates the intent of Congress to protect taxpayers' right to know *promptly* the costs of legal defense. The CJA provision was added in 1997. Pub. L. No. 105-119, 111 Stat. 2440, § 308. The amendment's drafter, Senator Domenici, addressed in detail the intent of his amendment.

> I want to be very clear about what exactly my bill would accomplish. . . . In keeping with my strongly held belief that the American taxpayer has a legitimate interest in having timely access to this information, my bill simply requires that at the time the court approves the payments for these services, that the payments be publicly disclosed. Many Senators are probably saying right now that this sounds like a very reasonable request, and I think it is, but the problem is that often times these payments are not disclosed until long after the trial has been completed, and in some cases they may not be disclosed at all if the remains are sealed by the Judge. How much criminal defense lawyers are being paid should not be a secret. There is a way in which we can protect the alleged criminal's sixth amendment rights and still honor the American taxpayer's right to know. Mr. President, that is what my bill does.
> Current law basically leaves the question of when and whether court appointed attorneys' fees should be disclosed at

> the discretion of the Judge in which the particular case is being tried. My bill would take some of that discretion away and require that disclosure occur once the payment has been approved.
> . . .
> My bill says that once the Judge approves these payment vouchers that they be publicly disclosed. That means that anyone can walk down to the federal district court where the case is being tried and ask the clerk of the court for copies of the relevant CJA payment vouchers. It's that simple. Nothing more. Nothing less.

143 Cong. Rec. S8070 (July 24, 1997) (statement of Sen. Domenici); *see also United States v. Gonzales*, 150 F.3d 1246, 1264 n.21 (10th Cir. 1998) (finding Senator Domenici's remarks consistent with the court's reading of the amendment). The Judicial Conference amended the AO Guide to implement the requirements of the CJA provision.

The information requested—aggregate amounts paid to defense counsel—does not infringe on any constitutional rights or other legitimate concerns of defendants. *See Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513, 1517-18 (9th Cir. 1988) (disclosure of CJA financial affidavits did not violate a defendant's Sixth or Fifth Amendment rights) ("The financial affidavits merely contained an unremarkable recitation of assets and liabilities.").

Also, as reflected in the CJA and AO Guide, the public has a compelling interest in access to the costs for taxpayers in the administration

of the CJA, and no countervailing compelling government interests weigh in favor of withholding that information. The public right to know about judicial proceedings and records is protected by the First Amendment and common law. *E.g.*, *id.* at 1516 n.1 (assuming that public access to CJA financial affidavits is protected by the First Amendment and ordering unsealing).

Accordingly, the amounts approved by the Court for payment of defense counsel under the CJA must be released to the public. The Law Center is not asking to release the detailed documentation supporting such payments.

## II. DISCLOSURE OF AMOUNTS PAID FOR OTHER SERVICES ALSO MUST BE RELEASED.

Different, but no less mandatory provisions require disclosure of amounts paid under the CJA for other services. 18 U.S.C. § 3006A(e)(4) ("The amounts paid under this subsection for services in any case shall be made available to the public."); AO Guide § 530 (payments to services providers must also be released to the public).

## CONCLUSION

Based on the foregoing, the Law Center respectfully requests that the Court grant its motion to release the CJA payment vouchers.

DATED:  Honolulu, Hawai`i, September 27, 2019

        /s/ Robert Brian Black
        ROBERT BRIAN BLACK
        Attorney for Civil Beat Law Center
          for the Public Interest